IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALONZO MAYFIELD, :
:
    Plaintiff, : CIVIL NO. 4:10-CV-0020
:
v. : (Judge McClure)
:
COLUMBIA COUNTY PRISON, *et al.*, :
:
    Defendants. :

## **MEMORANDUM**

August 9, 2010

## I.    INTRODUCTION

Plaintiff Alonzo Mayfield, an inmate presently confined at the Houtzdale State Correctional Institution ("SCI Houtzdale") in Houtzdale, Pennsylvania, initiated the above action *pro se* by filing a Complaint under the provisions of 42 U.S.C. § 1983. (Rec. Doc. No. 1.) Named as Defendants are the Columbia County Prison, Warden William Campbell, Correctional Officer Frye, and Aramark Correctional Services[1]. Mayfield alleges that, while he was confined at the Columbia County Prison in Bloomsburg, Pennsylvania, he received Kosher meals during the first week of

---

[1] Plaintiff misidentified Defendant Aramark Correctional Services as Aramark Food Services in the Complaint. (*See* Rec. Doc. Nos. 13, 14.) Pursuant to our April 26, 2010 Order, the Clerk of Court corrected the docket to reflect that the correct name of the Defendant is Aramark Correctional Services. (*See* Rec. Doc. No. 17.)

November 2009 because he was informed that "true Halal" meals were unavailable; Warden Campbell declined to organize an Eid Ul Adha celebration; and Correctional Officer Frye made derogatory statements during Jumah prayer. (*See* Rec. Doc. No. 1 § IV.)

Service of the Complaint was directed by Order dated March 11, 2010. (Rec. Doc. No. 10.) Thereafter, motions to dismiss Plaintiff's Complaint were filed on behalf of Defendant Aramark Correctional Services (Rec. Doc. No. 18) and Defendants Campbell, Frye, and the Columbia County Prison ("Corrections Defendants") (Rec. Doc. No. 19). Defendant Aramark filed a supporting brief on June 1, 2010 (Rec. Doc. No. 22) and Corrections Defendants filed a supporting brief on May 18, 2010 (Rec. Doc. No. 20).

Plaintiff requested and was given an extension of time to file his opposition to the pending motions by Order dated June 14, 2010. (*See* Rec. Doc. Nos. 23, 24.) After Plaintiff failed to timely file his opposition by the July 6, 2010 extended deadline, by Order dated July 13, 2010 he was *sua sponte* given a further extension until July 21, 2010 to file his opposition along with a warning that his failure to timely file his opposition may result in the motions being deemed unopposed and granted without a merits analysis. (Rec. Doc. No. 25.) Although nearly two (2) weeks have passed since Plaintiff's opposition to the two motions to dismiss was due, he neither

2

has filed his opposition nor requested a further extension of time in which to do so.

Therefore, for the reasons set forth below, the motions will be deemed unopposed and granted without a merits analysis, Plaintiff's Complaint will be dismissed with prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and the Clerk of Court will be directed to close this case.

## II. DISCUSSION

Generally, a dispositive motion may not be granted merely because it is unopposed. However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629 (1962). In *Link,* the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. [footnote omitted] The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

*Id.* at 629-30.

The Third Circuit Court of Appeals held in *Stackhouse v. Mazurkiewicz,* 951

F.2d 29, 30 (3d Cir. 1991), that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint. However, in reaching this holding, the Court of Appeals did not vitiate the Supreme Court's decision in *Link,* Rule 41(b) of the Federal Rules of Civil Procedure, or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order. Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. *Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.*

*Stackhouse*, 951 F.2d at 30 (emphasis added); *see also Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992) (*"Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation ... [N]ot all of the *Poulis* factors[2] need be satisfied in order to dismiss a

---

[2]The Court of Appeals in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863 (3d Cir. 1984) identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement. The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
(continued...)

4

complaint . . . Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

In the instant case, Mayfield was advised of the requirements of Local Rule 7.6[3] in the Standing Practice Order issued in this case on January 6, 2010 (*See* Rec. Doc. No. 4.) Further, he specifically was directed to comply with Local Rule 7.6 in our June 14, 2010 and July 13, 2010 Orders directing him to file his opposition briefs, and was warned of the consequences of failing to timely file his opposition in the latter order. The Court finds that Mayfield's dilatoriness outweighs any of the other considerations set forth in *Poulis*. (*See supra* n. 2.) Accordingly, we will deem the pending motions to dismiss to be unopposed and grant the motions, dismiss the Complaint in this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute

---

[2](...continued)
(3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

[3]Local Rule 7.6 provides that a party opposing a motion must file a brief in opposition to the motion within fourteen (14) days, and that if the opposition is not filed within the required time, he or she will be deemed not to oppose the moving party's motion.

and for failure to comply with a court order, and direct that this case be closed. An appropriate Order follows.

      s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALONZO MAYFIELD,  :
                  :
    Plaintiff,    :   CIVIL NO. 4:10-CV-0020
                  :
    v.            :   (Judge McClure)
                  :
COLUMBIA COUNTY PRISON, *et al.*,  :
                  :
    Defendants.   :

# ORDER

August 9, 2010

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The unopposed motion to dismiss filed on behalf of Defendant Aramark Correctional Services (Rec. Doc. No. 18) is **GRANTED**.

2. The unopposed motion to dismiss filed on behalf of Defendants Campbell, Frye, and the Columbia County Prison ("Corrections Defendants") (Rec. Doc. No. 19) is **GRANTED**.

3. Plaintiff's Complaint (Rec. Doc. No. 1) is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with a court order.

4. The Clerk of Court is directed to **CLOSE** this case.

5. Any appeal from this Order will be deemed frivolous, without probable

cause, and not taken in good faith.

   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge